UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRENDA VALLE, Individually and as Mother
and Natural Guardian of Infant Robert Lopez,

                    Plaintiff,

          v.

SMITHKLINE BEECHAM CORPORATION,
d/b/a GlaxoSmithKline,

                    Defendant.

_____

<u>DECISION & ORDER</u>

07-CV-6514T

        By order dated October 29, 2007, the above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B). (Docket # 4).

        Plaintiff Brenda Valle, on behalf of herself and her infant son, filed the original Complaint in this matter in New York State Court on September 13, 2007. In the complaint, plaintiff asserted that while she was pregnant, she took the prescription medication Paxil, which is manufactured by defendant Smithkline Beecham Corp. and allegedly caused undisclosed side effects of birth defects and dependency. (Docket # 1). The matter was thereafter removed to this Court by defendant on October 18, 2007. (Docket # 1). On June 19, 2008, plaintiff, with defendants' consent, filed a motion to amend the complaint to add as defendants Par Pharmaceutical Companies, Inc., Apotex, Inc. and Apotex Corp., manufactures of generic versions of Paxil. (Docket # 33). Shortly thereafter, counsel for the defendants advised plaintiffs that Par Pharmaceutical, Inc., and not Par Pharmaceutical Companies, Inc., was the manufacturer

and distributer of the generic drug.  On July 3, 2008, plaintiffs moved to amend their proposed amended complaint to identify the proper party.  (Docket # 34).

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend shall be "freely" given "when justice so requires."  Fed. R. Civ. P. 15(a).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See Block v. First Blood Assocs.*, 988 F.2d 344, 350-51 (2d Cir. 1993) (affirming leave to amend because opposing party had not demonstrated prejudice resulting from such amendment).  Although the court retains discretion to grant or deny leave to amend under Rule 15, "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."  *Foman v. Davis*, 371 U.S. at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City School Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

In addition, in considering whether to permit the inclusion of additional parties, Rule 20 of the Federal Rules of Civil Procedure provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  As with Rule 15, courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding.  *See*, *e.g.*, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir.) (Rule 20 "specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice"), *cert. denied*, 400 U.S. 878 (1970); *Liegey v. Ellen Figg, Inc.*, 2003 WL 21361724, *3 (S.D.N.Y. 2003) ("requirements of Rule 20(a) should be interpreted liberally"); *Kovian v. Fulton County Nat. Bank and Trust Co.*, 1990 WL 36809, *9 (N.D.N.Y. 1990) ("there is no rigid rule as to what constitutes the same series of transactions or occurrences"); *City of New York v. Joseph L. Balkan, Inc.*, 656 F. Supp. 536, 549 (E.D.N.Y. 1987) (requirements of Rule 20 are to be "liberally interpreted") (citations omitted).

In the case at bar, I find that interests of efficiency and judicial economy weigh in favor of adding Par Pharmaceutical, Inc., Apotex, Inc. and Apotex Corp. as defendants to this action.  Thus, considering the requirements of Rules 15 and 20 of the Federal Rules of Civil Procedure and the absence of any opposition, and applying the above-cited authority, plaintiffs' motion for leave to file an amended complaint **(Docket ## 33, 34)** is **GRANTED.**  The Clerk of the Court is hereby directed to file the proposed amended complaint as the Amended Complaint.  Plaintiff shall serve thereafter serve the Amended Complaint upon the newly added defendants within twenty (20) days of entry of this Order.

**IT IS SO ORDERED.**

                                         *s/Marian W. Payson*
                                               MARIAN W. PAYSON
                                       United States Magistrate Judge

Dated: Rochester, New York
       July __8__, 2008